Opinion issued April 28, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS.          01-09-00721-CR


———————————

martha beatrice jackson, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas



Trial Court Case No. 1159833 

 



 

MEMORANDUM OPINION

Appellant,
Martha Beatrice Jackson, appeals from a judgment for felony injury to a child
that sentences her to two years in prison and a $500 fine.  This prison sentence comes as a result of a
motion to adjudicate her guilt filed by the State asking the court to revoke
her three year deferred adjudication. 
The motion to adjudicate includes assertions that appellant violated the
conditions of her deferred adjudication by failing to report to her supervision
officer for five consecutive months, and failing to perform her community
service as ordered by the court. 
Appellant pleaded true without an agreement with the State concerning
her punishment, and she confessed in writing to these allegations in the
State’s motion to adjudicate.  She also
acknowledged in writing that she was aware of the range of punishment for the
offense.  At the hearing concerning the
motion to adjudicate, her attorney asked the trial court to allow her to remain
on community supervision, explaining that appellant had transportation problems,
health problems, and child care issues that have interfered with her ability to
complete the conditions.  Appellant’s
attorney also told the court that this was the first motion to adjudicate filed
against appellant.  The trial court determined
that appellant was an “absconder,” found the allegations true, revoked her
deferred adjudication, and sentenced her.

Jackson’s counsel on appeal has
submitted a brief stating his professional opinion that the appeal is without
merit and that there are no arguable grounds for reversal.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  

In her pro se response to the Anders brief, appellant denies her guilt
for injury to a child, which we do not have jurisdiction to address.  Appellant also complains that the initial
sentence “would not have been so harsh []” had a letter that her daughter, the
complainant, wrote been brought to the trial judge’s attention.  Appellant, however, does not present any
issue relating to her punishment after pleading “true” to violations of her
deferred adjudication.  

The appellant filed a pro se notice
of appeal, and the trial court certified that she retained her right of appeal.  A review of the record reveals no arguable
ground for appeal.  We affirm.

Anders Procedure

The brief submitted by Jackson’s court-appointed
counsel states his professional opinion that there are no arguable grounds for
reversal on appeal and that any appeal would, therefore, lack merit.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137,
138 (Tex. Crim. App. 1969).  Counsel sent
a copy of the brief to Jackson, requested permission to withdraw from the case,
and notified Jackson of her right to review the record and to file a pro se
response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that
reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to her appointed counsel’s Anders brief.  See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Our role in this Anders appeal, which includes reviewing Jackson’s
pro se response, is limited to determining whether arguable grounds for appeal
exist.  See id. at 827.  If we
determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  The trial court then
either appoints another attorney to present all arguable grounds for appeal or,
if the defendant wishes, allows the defendant to proceed pro se.  See id.
 We do not rule on the ultimate merits of
the issues raised by Jackson in her pro se response.  See id.
 If we determine that there are arguable
grounds for appeal, Jackson is entitled to have new counsel address the merits
of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other hand, we
determine, from our independent review of the entire record, that the appeal is
wholly frivolous, we may affirm the trial court’s judgment.  See id.
at 826–28.  Jackson may challenge the
holding that there are no arguable grounds for appeal in a petition for
discretionary review filed in the Court of Criminal Appeals. See id. at 827 & n.6.

In accordance with Anders and Bledsoe, we have reviewed the record, Jackson’s appointed counsel’s
Anders brief, and Jackson’s pro se
response to that brief.  We conclude that
no arguable ground for reversible error exists.  Having reached that conclusion, we affirm the
judgment of the trial court and grant Jackson’s appointed counsel’s motion to
withdraw.[1]

Conclusion

We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Appointed appellate counsel still has a duty to inform Jackson of the
result of this appeal and that she may, on her own, pursue discretionary review
in the Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827 & n.6 (Tex. Crim. App. 2005); Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771–72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).